**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRICE BENNETT,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:17-cv-00366** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **MATT FINK, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

<u>Pro</u> <u>se</u> Plaintiff Brice Bennett ("Plaintiff"), an individual formerly confined at the York County Prison located in York, Pennsylvania ("YCP"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 on February 27, 2017 (Doc. No. 1), and subsequently, an amended complaint on March 21, 2017 against several individuals employed at YCP (Doc. No. 8). Plaintiff alleges that Defendants failed to provide him with adequate medical care for his diabetes in violation of his Eighth Amendment rights. (Doc. No. 8.) On March 15, 2018, the Court granted Defendant Nurse Bennett's motion to dismiss (Doc. No. 15), and dismissed her from this action (Doc. Nos. 45, 46). Defendants Max Fink, Jack Snyder, Scott Sciapple, C.O. Gindar, Sr., and D.W. Doll filed an answer with affirmative defenses to Plaintiff's amended complaint on August 16, 2017 (Doc. No. 24), and subsequently, on May 1, 2018, filed a statement of material facts (Doc. No. 49), and brief in support of a motion to dismiss (Doc. No. 50).

On January 7, 2019, the Court issued an Order noting that Defendants' brief (Doc. No. 50), constituted a brief in support of a motion for summary judgment and further observed that Defendants had not filed a corresponding motion for summary judgment. (Doc. No. 57.) Accordingly, the Court ordered Defendants to file a corresponding motion for summary judgment <u>nunc</u> <u>pro</u> <u>tunc</u> so that the Court could properly consider Defendants' previously-filed

statement of facts (Doc. No. 49), and brief in support (Doc. No. 50). Defendants filed their corresponding motion for summary judgment on January 8, 2019. (Doc. No. 58.)

Plaintiff has filed a response to Defendants' summary judgment motion (Doc. No. 51), and a motion to stay summary judgment while he attempts to exhaust his administrative remedies (Doc. No. 53), to which Defendants filed a reply brief (Doc. No. 54). Plaintiff has also filed a motion for summary judgment (Doc. No. 59), and a brief in opposition to Defendants' motion for summary judgment (Doc. No. 60). For the reasons that follow, the Court will grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment.

## I.    BACKGROUND[1]

At all times relevant the instant action, Plaintiff was housed in the Echo Block and in the Intensive Care Unit at YCP. (Doc. No. 49 ¶ 2.) At an unspecified time, Plaintiff claims that correctional officers did not wake him for his diabetes "accu-check" "311 times, hoping that" Plaintiff would die. (Id. ¶ 3.) Although Plaintiff does not allege the dates of mistreatment, medical records accompanying his filings indicate that they were generated on June 5, 2013, more than two (2) years before Plaintiff filed his instant amended complaint on March 21, 2017. (Id. ¶ 4, 5.)

---

[1] Middle District of Pennsylvania Local Rules of Court provide that in addition to filing a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. See id. Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. Unless otherwise noted, the background herein is derived from Defendants' Rule 56.1 statement of material facts. (Doc. No. 49.) Plaintiff has failed to file a response to Defendants' statement of material facts in compliance with M.D. Pa. L.R. 56.1. Accordingly, the Court deems the facts set forth by Defendants to be undisputed. See M.D. Pa. LR 56. 1; Fed. R. Civ. P. 56(e)(2).

On and before November 1999 and through the present time, YCP had a grievance system in effect.  (Id. ¶ 6.)  County prison records contain a list of all grievances filed by inmates who were confined at YCP after 1999 through the present time and the grievance system is designed to address all allegations set forth in Plaintiff's complaint.  (Id. ¶¶ 7, 8.)  The grievance system provides that inmate claims are to be in writing, submitted on a standardized form, and directed to the Complaint Supervisor.  (Id. ¶ 9.)  The Complaint Supervisor then issues a report and recommendation.  (Id. ¶ 10.)  If dissatisfied with the recommendation, an inmate may file an objection with the Deputy Warden.  (Id.)  If no objection is timely filed, the report and recommendation is implemented.  (Id.)  If an objection in received, the Deputy Warden issues a decision.  (Id. ¶ 11.)  If an inmate disagrees with the decision, an appeal may be filed with the County Solicitor, who is designated by the County Prison Board.  (Id.)  The County Solicitor may then recommend a review of the grievance by the Complaint Review Board.  (Id.)  An inmate dissatisfied with the Solicitor's review of the Complaint Review Board has the final right to appeal to the York County Prison Board.  (Id. ¶ 12.)  This appeal must be filed within thirty (30) days of the receipt of the notice of decision appealed, and the grievance system is not considered exhausted unless all review and appeals are timely taken and denied.  (Id.)  Plaintiff did not file a grievance concerning the matters alleged in his complaint and did not exhaust the administrative remedies available to him.  (Id. ¶ 13.)

I.      **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49. Thus, where no material fact is in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Id. at 248. Conversely, where there is a dispute as to an issue of material fact, the moving party must establish that the factual dispute is not a genuine one. Id.

The party moving for summary judgment bears an initial burden of identifying evidence that it believes demonstrates the absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has carried this initial burden, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks omitted). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-1384, 2010 U.S. Dist. LEXIS, *15 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-01854, 2006 U.S. Dist. LEXIS 64347, at *11 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure). With respect to the sufficiency of the evidence that the non-moving party must

provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative.  <u>Anderson</u>, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts.  <u>Id.</u> at 252; <u>see also</u> <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 586.

## II.    DISCUSSION

Defendants argue in their brief in support of their motion for summary judgment that Plaintiff's claims are barred by the applicable statute of limitations, as well as unexhausted, warranting dismissal.  (Doc. No. 50.)  The Court addresses each argument in turn.

### A.    Statute of Limitations

The Supreme Court has instructed that 42 U.S.C. § 1983 claims are properly characterized as tort actions for the recovery of damages for personal injury, and that federal courts must borrow the statute of limitations governing personal injury actions from the state where § 1983 actions are brought.  <u>Wilson v. Garcia</u>, 471 U.S. 262, 275-76 (1985); <u>see</u> <u>Garvin v. City of Phila</u>, 354 F.3d 215, 220 (3d Cir. 2003) (noting that there is a two-year statute of limitations for such actions in Pennsylvania); 42 Pa. Cons. Stat. Ann. § 5524.  Additionally, a § 1983 "cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based."  <u>Sameric Corp. of Del. v. City of Phila.</u>, 142 F.3d 582, 599 (3d Cir. 1998).

Here, Defendants provide that Plaintiff's allegations set forth that while at YCP, he was confined on the Echo Block in an Intensive Care Unit which occurred during his confinement at YCP in 2013 and 2014.  (Doc. No. 49 ¶ 5.)  These dates are confirmed not only by the affidavits filed in support of their motion for summary judgment (Doc. Nos. 50-1 at 1-12; 50-2 at 1-3), but by the medical records filed by Plaintiff revealing that the date of the incidents alleged in

Plaintiff's amended complaint occurred in 2013 (Doc. No. 27 at 8-13), as well as a York County Board of Commissioners' review letter dated November 27, 2013, providing that the incidents Plaintiff complains of in his amended complaint occurred in 2013 (Doc. No. 51 at 2-5). In reviewing the record, it is apparent that Plaintiff's claims are time-barred by the applicable two-year statute of limitations. Indeed, Plaintiff does not refute this argument. Because the alleged incidents of the amended complaint occurred in 2013 and Plaintiff filed the instant action on February 27, 2017, well over the applicable two-year statute of limitations, his claims are time-barred.

**B.     Exhaustion of Administrative Remedies**

In addition to the statute of limitations barring Plaintiff's instant claims, he has also failed to properly exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." See 42 U.S.C. § 1997(e)(a); Jones v. Bock, 549 U.S. 199 (2007). Section 1997(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(a).

The Supreme Court has explicitly provided that all prisoners must exhaust their administrative remedies as to any claim that arises in the prison setting, regardless of the kind of relief sought. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, the exhaustion of available administrative remedies is required before filing a civil rights action under § 1983. See 42 U.S.C. § 1997(e)(a)); see also Perazzo v. Fisher, No. 11-1505, 2012 WL 1964419, at *1 (M.D. Pa. May 31, 2012) (dismissing case for failure to exhaust administrative remedies where

plaintiff indicated in the complaint that the grievance process was not complete but was at the "last stage"); <u>Jones v. Lorady</u>, No. 11-666, 2011 WL 2461982 (M.D. Pa. June 17, 2011) (dismissing prisoner complaint for failure to exhaust administrative remedies prior to initiating federal action); <u>Booth v. Churner</u>, 2016 F.3d 289 (3d Cir. 2000) (affirming dismissal where prisoner plaintiff conceded that he did not exhaust administrative remedies). "[I]t is beyond the power . . . of any [court] to excuse compliance with the exhaustion requirement" of § 1997(e). <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000); <u>see also</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 230 (3d Cir. 2004).

Here, Defendants argue that Plaintiff's grievance record demonstrates that he failed to exhaust his administrative remedies prior to filing the instant action. (Doc. Nos. 49 ¶ 13; 50 at 13-17.) Defendants further attach the declaration of Deputy Warden Conway of YCP, declaring that while confined at YCP, Plaintiff did not exhaust any administrative remedy. (Doc. No. 50-1 ¶ 9.) Indeed, Plaintiff's subsequent filing entitled "petition for a stay of summary judgment pending exhaustion of administrative remedies" confirms that his administrative remedy concerning the subject matter of this instant action was never completely exhausted. (Doc. No. 53.) Because the PLRA requires exhaustion prior to the initiation of Plaintiff's claims in federal court, and this Court cannot excuse compliance with those requirements, Defendants' motion for summary judgment will be granted.[2]

Additionally, while Plaintiff filed what he has entitled as a motion for summary judgment (Doc. No. 59), it appears that this filing is a request for the Court to review Plaintiff's medical

_____

[2] Moreover, even if the Court were to entertain Plaintiff's request to stay disposition of the summary judgment motion while he now attempts to exhaust his administrative remedies, such an exercise would be fruitless because Plaintiff's claims stemming from 2013 would still be barred by the applicable statute of limitations.

records and to direct Defendants to provide Plaintiff with an answer as to why his blood sugar levels were at an alleged dangerous level.  (Id.)  Plaintiff's brief in opposition (Doc. No. 60), recounts many of the facts alleged in his amended complaint (see Doc. No. 8), and again reiterates that his blood sugar levels were dangerously high (Doc. No. 60).  Construing this filing as a motion for summary judgment, it was filed well beyond the May 2, 2018 dispositive motion deadline set by this Court's April 12, 2018 Order.  (Doc. No. 48.)  Consequently, it will be denied.  Additionally, as previously set forth by the Court, Defendants are entitled to summary judgment because Plaintiff's instant claims are both time-barred and unexhausted.

## III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion for summary judgment (Doc. No. 58), and enter judgment against Plaintiff and in favor of Defendants.  The Court will deny Plaintiff's motion to stay summary judgment (Doc. No. 53), and motion for summary judgment (Doc. No. 59), and direct the Clerk of Court to close this action.